IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
JOY L. SCHRECKHISE,            )
                               )
                  Plaintiff,   )     CIVIL ACTION
                               )
v.                             )     No.  05-1061-MLB
                               )
DeBRUCE GRAIN, INC.,           )
                               )
                  Defendant.   )
                               )
```

**MEMORANDUM AND ORDER**

Before the court are defendant's motion for summary judgment and supporting memorandum (Docs. 30 and 31). When plaintiff did not file a timely response, the court issued an order to show cause why defendant's motion should not be granted as uncontested (Doc. 32). Plaintiff did not respond to the order to show cause.

The court has reviewed the file and defendant's motion in accordance with Fed. R. Civ. P. 56(c) and Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002). Plaintiff contends that she was terminated in retaliation for reporting an alleged work related injury. The uncontested facts show that plaintiff worked for defendant for 15 days. During that period, plaintiff was absent on three occasions, late once and also demonstrated inability to correctly perform her work. A decision was made to terminate plaintiff but before plaintiff could be informed of the decision, she allegedly injured her back and left work. When plaintiff returned to work, she was terminated.

In order to establish a prima facie case of retaliation, plaintiff must demonstrate, inter alia, that the employer had

knowledge of a work-related injury and that a causal connection exists between the injury and the termination. The uncontested evidence demonstrates that the decision to terminate plaintiff was made before defendant had knowledge of plaintiff's alleged work-related injury. In addition, the uncontested evidence demonstrates that defendant's decision to terminate plaintiff was non-retaliatory and non-pretextual.

Accordingly, based upon the uncontested facts and correctly-stated law set forth in defendant's memorandum, defendant's motion for summary judgment is sustained. Plaintiff's case is dismissed, with prejudice.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).

IT IS SO ORDERED.

Dated this <u> 9th </u> day of January 2006, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot  
UNITED STATES DISTRICT JUDGE